THE AMBIA SCHOOL OF HICKORY GROVE TOWNSHIP, IN-DIANA, Appellant, *vs.* THE NON-HIGH-SCHOOL DISTRICT OF IROQUOIS COUNTY, ILLINOIS, Appellee.

*Opinion filed October 28, 1925.*

SCHOOLS—*Supreme Court has no jurisdiction of direct appeal in action for tuition.* The Supreme Court has no jurisdiction of a direct appeal in an action by a high school district of an adjoining State to recover tuition on account of the attendance of pupils residing in an Illinois non-high-school district, where the only questions presented for decision are the construction of section 96 of the School law and whether the Illinois district is estopped by its conduct to deny its liability for the tuition claimed.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

A. F. GOODYEAR, and ROBERT F. GOODYEAR, (OTTO GRESHAM, of counsel,) for appellant.

FREE P. MORRIS, ROSCOE C. SOUTH, and CLAUDE N. SAUM, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Appellant is a high school district in Indiana and appellee is a non-high-school district in Illinois, the State line dividing them. Pupils residing in the east half of the town of Hickory Grove, which is included within the boundaries

318—21

of appellee, have for several years attended the high school of appellant. The latter commenced an action in assumpsit in the circuit court of Iroquois county against appellee to recover its claim for tuition in the sum of $3564.31, which appellee refused to pay on the ground that it had no authority to pay the tuition of pupils attending a high school outside the State of Illinois. Thereafter appellant filed its bill of complaint, alleging that appellee is estopped to deny liability for appellant's claim for tuition because the school authorities of Iroquois county have for forty years paid the tuition of pupils from the town of Prairie Green who attended the high school of appellant, and that the pupils whose tuition creates this claim attended the high school of appellant with the knowledge and acquiescence of appellee and with the implied understanding that appellee would pay the tuition. For the alleged reason that it is without an adequate remedy at law appellant prays that appellee be estopped to deny the validity of the contract to pay the tuition of the pupils from the town of Prairie Green attending appellant's high school, and that appellant be granted by decree the relief that it would receive if it prevailed in its action in assumpsit. Appellee answered the bill without challenging the jurisdiction of a court of equity. The chancellor heard the evidence on the bill and answer and rendered a decree dismissing the bill for want of equity. This appeal followed.

The only questions presented for decision in this case are the construction of section 96 of the School law, which provides for the payment by non-high-school districts of the tuition of eighth grade graduates residing in such non-high school territory, and whether appellee is estopped by its conduct to deny its liability for the tuition claimed. There is no question in this record which gives this court jurisdiction of this appeal.

The cause is transferred to the Appellate Court for the Second District.                    *Cause transferred.*